Leslie Mercado
76 Ridgewood Str
Boston Mass 02122
617-905-3404
Boston617area@gmail.com


Nadaija Lauture
4 Stone Lane
Malden Mass 02148
857-209-6113
NadaijaLauture@gmail.com

Plaintiff, Pro Se


Boston Massachusetts


9/13/2024


Complaint


**Plaintiff:** Leslie Mercado, individually and on behalf of my daughter, Nadaija Lauture
**Defendant:** Massachusetts Department of Children and Families (DCF)


Nature of the Action


This is a civil action for damages arising from the Defendant's failure to provide proper oversight, care, and monitoring of Plaintiff's daughter, Nadaija Lauture, during her placement under the guardianship of her paternal grandmother, Nadege Charles. Plaintiff alleges that DCF failed in its duty to ensure the safety, well-being, and financial support of the child. This failure resulted in financial exploitation, emotional distress, and neglect, all while the Defendant continued to provide unchecked financial support to the guardian who failed to care for the child.


Jurisdiction and Venue

State Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to Massachusetts General Laws Chapter 231, Section 1 and other relevant statutes, as the events giving rise to the cause of action occurred within the Commonwealth of Massachusetts, and the Defendant, Massachusetts Department of Children and Families (DCF), operates as a state agency within this jurisdiction.

2.     Under Massachusetts General Laws Chapter 258, the Plaintiff is bringing claims for negligence, intentional infliction of emotional distress, breach of fiduciary duty, and other torts caused by the wrongful acts and omissions of the Defendant, which falls under the Massachusetts Tort Claims Act. This Act allows for lawsuits against public entities for negligent actions resulting in injury.

3.     Venue is proper in this Court under Massachusetts General Laws Chapter 223, Section 1, as the Plaintiff resides in this district, and the events that give rise to the claims occurred within the jurisdiction of this Court.

Federal Jurisdiction

1.     This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question Jurisdiction), as this case involves the violation of the Plaintiff's constitutional rights and her daughter's civil rights under the Fourteenth Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. § 1983. The Plaintiff alleges that the Defendant, a state actor, acted under color of state law in a manner that violated the Plaintiff's civil rights, including the right to equal protection and due process.

2.     Additionally, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's related state law claims of negligence, breach of fiduciary duty, and intentional infliction of emotional distress, as these claims are so related to the federal claims that they form part of the same case or controversy.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, and the Defendant, Massachusetts Department of Children and Families, is a government entity located in Massachusetts.

Statement of Facts

1. Nadaija Lauture was placed under the guardianship of her paternal grandmother, Nadege Charles, by DCF on or around 2000.

2. DCF provided financial assistance to Nadege Charles for the care of Nadaija Lauture, as required under the guardianship agreement.

3. Despite receiving financial support, Nadege Charles forced Nadaija to begin working at the age of 14. She required Nadaija to use her earnings to contribute to household bills and buy her own necessities, such as food, clothing, and school supplies, which should have been provided by the guardian with the financial assistance from DCF.

4. From the age of 14 until 18, Nadaija was financially exploited by Nadege Charles, who failed to use the financial support from DCF for her care and instead misappropriated the funds for personal use.

5. On or around 2017, Nadaija was evicted from her grandmother's home at the age of 18. However, Nadege Charles continued to receive financial support from DCF for another year, despite no longer caring for Nadaija.

6. DCF failed to provide proper oversight, investigate reports of neglect or financial exploitation, and ensure that the funds intended for Nadaija's care were being used appropriately.

7. The Plaintiff repeatedly expressed concerns to DCF about the conditions Nadaija was living under, but DCF failed to take action to investigate or intervene, allowing the financial exploitation and neglect to continue.

8. As a direct result of DCF's failure to act, Nadaija suffered financial loss, emotional distress, and was left without support or resources when she turned 18 and was effectively abandoned by her guardian.

Legal Claims

1. Negligence

- DCF owed a duty of care to monitor the well-being of Nadaija Lauture during her placement under the guardianship of Nadege Charles.

- DCF breached this duty by failing to investigate or take corrective action despite multiple red flags, including financial exploitation, neglect, and the inappropriate use of funds.

- As a result of this negligence, Nadaija suffered harm, including financial loss, emotional distress, and the failure to receive basic necessities.

2. Negligent Supervision

- DCF had a duty to provide oversight and supervision over the guardian, Nadege Charles, and ensure that the financial support was used for the child's well-being.

- By failing to ensure that the funds were being appropriately used and by allowing the continued exploitation and neglect of the child, DCF failed in its supervisory responsibilities.

3. Breach of Fiduciary Duty
- DCF had a fiduciary duty to protect Nadaija Lauture's welfare by ensuring the funds provided for her care were used in her best interests.

- DCF's failure to ensure proper oversight of the guardian's use of funds constituted a breach of this fiduciary duty. As a result, Nadaija was deprived of the financial and emotional support to which she was entitled.

4. Intentional Infliction of Emotional Distress

- The ongoing neglect and financial exploitation, enabled by DCF's inaction, caused severe emotional distress to both Nadaija and the Plaintiff.

- DCF acted with reckless disregard for Nadaija's well-being, failing to investigate or act upon reports of neglect and mistreatment.

5. Misappropriation of State Funds

- DCF continued to provide financial support to Nadege Charles for the care of Nadaija after she had been kicked out of her home, resulting in the misappropriation of state funds.

- The Defendant's failure to monitor the situation or halt the payments after the child's removal from the home constitutes gross negligence and improper use of state resources.

6. Violation of Civil Rights

- DCF's neglect and failure to protect Nadaija from exploitation violated her fundamental right to safety, well-being, and protection under the U.S. Constitution and Massachusetts Civil Rights Act.

- The state's failure to act on reports of neglect and financial exploitation deprived her of these rights and resulted in lasting emotional and financial harm.

Systemic Failures and Gross Negligence

1. DCF failed to properly monitor the care of Nadaija Lauture and allowed systemic negligence to persist by failing to hold the guardian accountable for misusing financial resources intended for the child's care.

2. DCF's lack of adequate oversight in this case is indicative of broader systemic failures in its guardianship and foster care program, which directly impacted the health, safety, and financial well-being of Nadaija Lauture.

3. The agency's ongoing negligence allowed the misuse of funds, financial exploitation, and abandonment of the child, causing long-term harm to both Nadaija and her mother, Leslie Mercado.

Damages

Plaintiff seeks the following relief:

1. Compensatory damages for the financial exploitation and emotional distress suffered by Nadaija Lauture, including reimbursement for wages earned as a minor, restitution for misappropriated funds, and compensation for pain and suffering.

2. Punitive damages to ensure that DCF is held accountable for its gross negligence and failure to protect a vulnerable child under its care.

3. Injunctive relief requiring DCF to implement stricter oversight protocols, including financial audits and welfare checks for children under guardianship, to prevent further exploitation and neglect of minors in its care.

4. Attorney's fees and court costs.

5. Any other relief that the Court deems just and proper.

Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment in her favor, award the requested relief, and ensure that DCF is held accountable for its failure to protect Nadaija Lauture.

Respectfully submitted,
Leslie Mercado
Plaintiff, Pro Se